IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY J. DOBBIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV573-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Stanley J. Dobbie brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On March 1, 2005, plaintiff filed an application for disability insurance benefits. On September 20, 2006, after the claim was denied at the initial administrative level, an ALJ conducted an administrative hearing. The ALJ rendered a decision on November 21, 2006. The ALJ concluded that plaintiff suffered from the severe impairments of "history of liver disease and a history of a lumbar laminectomy." (R. 18). He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the

impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform his past relevant work as a retail manager. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act during the period from September 14, 1999, his alleged onset date, until December 31, 2004, his date last insured. On May 25, 2007, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that the ALJ erred by: (1) failing to develop the record by ordering a psychological examination; (2) finding the plaintiff's anxiety and depression to be non-severe; (3) improperly applying the pain standard; (4) failing to elicit testimony from the unrepresented claimant regarding his pain and fatigue; (5) finding the plaintiff capable of light work; and (6) failing to make an explicit determination of the severity of the plaintiff's lumbar radiculopathy and post-laminectomy syndrome. He alleges further that the Appeals Council erred by failing either to reverse the ALJ's decision or to remand the case in view of plaintiff's new evidence regarding his mental status.

The court concludes that the ALJ's finding at step two that plaintiff's depression and anxiety were not "severe" is not supported by the proper legal analysis and, thus, that this action must be remanded for further proceedings.[1] The record reveals that plaintiff was diagnosed with depression and anxiety by both his primary care physician in Elberta, Alabama – Dr. Kurtts – and his primary care physician in Castle Rock, Colorado. Between them, the two physicians continuously treated plaintiff for these conditions with medications – Effexor, Klonopin and Wellbutrin – between September 2002 and at least October 2004.[2] (Exhibits 7F and 10F).

---

[1] The court does not here determine whether, if the ALJ *had* used the proper analysis, his findings would have been supported by substantial evidence. Additionally, in view of its determination that this matter must be remanded, the court does not address the remaining issues raised by plaintiff. The court expects that the Commissioner will consider these issues on remand.

[2] Plaintiff also received treatment for depression and anxiety between May 2005 and February 2006, after his date last insured. (Exhibit 12F).

3

The ALJ's discussion of plaintiff's diagnoses and treatment for depression and anxiety is confined to a single short paragraph:

> While depression and anxiety are noted and treated with medication by Dr. Kurtts, a family practitioner, no specific mental limitations were given, and the claimant has never sought any specialized mental health treatment or counseling. Accordingly, the undersigned finds that any mental impairment has had no more than a minimal impact on the claimant's ability to work and is therefore considered non-severe.

(R. 18).

The Eleventh Circuit has summarized the ALJ's responsibility in evaluating mental impairments as follows:

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments. 20 C.F.R. § 404.1520a-(c)(3-4). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a-(e)(2).
>
> * * *
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand.

Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005). In Moore, the Eleventh Circuit reversed the judgment of the district court affirming the Commissioner's decision because of the ALJ's failure either to complete a PRTF or to incorporate its mode of analysis into his findings and conclusions, despite the Court's conclusion that the ALJ's credibility determination was adequate and that the ALJ's finding that Moore retained the residual

functional capacity to perform her past relevant work was supported by substantial evidence. See id. at 1212, 1213.

In this case, the ALJ did not expressly determine whether the plaintiff suffers from a medically determinable mental impairment. Instead, he simply observed that "depression and anxiety are noted and treated with medication," and concluded that "any mental impairment has had no more than a minimal impact on the claimant's ability to work." (R. 18). However, in his RFC determination, the ALJ found that plaintiff "would be limited i[n] his ability to work around noise." (R. 19). The ALJ based his RFC determination on a Medical Source Statement of the Claimant's Ability to do Work-Related Activities (Physical) completed by Dr. Kurtts on July 6, 2006. (R. 19). In that Medical Source statement, Dr. Kurtts assesses plaintiff's physical limitations. (Exhibit 12F). With regard to his conclusion that plaintiff is limited in his ability to work around noise, however, Dr. Kurtts writes, "I think noise may make him anxious." (R. 224). Thus, the noise limitation clearly arises not from plaintiff's physical condition, but from his mental status. By adopting Dr. Kurtts' assessment regarding the noise limitation in his RFC determination, the ALJ implicitly found that plaintiff's mental status has at least some effect on plaintiff's ability to work.

In view of the ALJ's finding regarding the noise limitation and the evidence of record showing a continuous course of treatment over a period of two years for depression and anxiety, the court concludes that plaintiff has presented at least a "colorable claim" of a

mental impairment.³  Under these circumstances, the ALJ was required to employ the detailed method of analysis set forth in 20 C.F.R. 404.1520a. He failed to do so. Thus, under Moore, remand is required.⁴

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be reversed, and this action is due to be remanded for further consideration. A separate judgment will be entered.

DONE, this 23rd day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

³ Since the ALJ made no express finding that plaintiff does not suffer from a medically determinable mental impairment, the court has no occasion to address whether any such finding would have been supported by substantial evidence.

⁴ The Commissioner argues that the ALJ properly concluded that the plaintiff's mental impairments are not "severe," noting the ALJ's observation of plaintiff's lack of treatment by a specialist and the minimal nature of his treatment. (Doc. # 18, pp. 5-6). However, under 20 C.F.R. § 404.1520a(d), the special technique is the required method for assessing the "severity" of mental impairments. Because he did not use it, the ALJ erred, regardless of whether he otherwise supported a finding that the plaintiff's depression and anxiety did not significantly interfere with his ability to work. See Selassie v. Barnhart, 203 Fed. Appx. 174 (9th Cir. 2006)("[O]ne of the stated purposes for the 'special technique' is to help the Social Security Administration '[o]rganize and present [its] findings in a clear, concise, and consistent manner.' 20 C.F.R. 404.1520a(a)(3). The specific documentation requirements, therefore, are not mere technicalities that can be ignored as long as the ALJ reaches the same result that it would have if it had followed these requirements.").